**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

MARK EVERETT BOWEN

        Debtor

Case No. 05-34209

**MEMORANDUM ON MOTION
TO ALTER OR AMEND JUDGMENT**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
      Dean B. Farmer, Esq.
      Matthew A. Birdwell, Esq.
      Post Office Box 869
      Knoxville, Tennessee 37901-0869
      Attorneys for the Debtor

              ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, P.C.
      Kenneth Clark Hood, Esq.
      100 South Main Street
      Greeneville, Tennessee 37743
      Attorneys for Daniel W. Jackson, Margaret H. Olson,
        and Whole Living, Inc.

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Presently before the court is the Motion to Alter or Amend Judgment (Motion to Alter or Amend) filed on July 28, 2006, by Daniel W. Jackson, Margaret H. Olson, and Whole Living, Inc. (collectively, Respondents), asking the court to alter or amend its Order entered on July 19, 2006, denying the Respondents' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (Motion for Summary Judgment) filed on May 4, 2006. Pursuant to the court's Order entered on July 31, 2006, the Debtor filed a Response in opposition to the Motion to Alter or Amend on August 14, 2006.

## I

On March 17, 2003, Whole Living, Inc., by and through its attorneys, Mr. Jackson and Ms. Olson, filed a complaint commencing a civil action in the United States District Court for the District of Utah (Utah District Court) against the Debtor and others, seeking injunctive relief and asserting claims grounded on breach of contract, violation of the Uniform Trade Secrets Act, common law misappropriation, and civil conspiracy (Utah Civil Action). A temporary restraining order was entered on April 10, 2003, against Think Again, Inc. d/b/a Great American Wholefood Farmacy (Think Again) and Don Tollman, prohibiting certain actions upon which the Utah Civil Action was based, and on August 4, 2003, the Utah District Court entered a preliminary injunction against Think Again, Mr. Tolman, and the Debtor (August 4, 2003 Injunction).

On November 29, 2004, the Utah District Court filed a Memorandum Decision and Order Finding Defendants in Contempt for Violation of Court Order finding the Debtor and other party-defendants to the Utah Civil Action in contempt for violating the August 4, 2003 Injunction,

awarding Whole Living a judgment for business damages in the amount of $240,430.91, and awarding attorneys' fees and costs in an amount to be determined at a later date (November 29, 2004 Order). The Utah District Court then entered an Order on November 29, 2005, setting Whole Living, Inc.'s attorneys' fees and costs at $47,428.00 and $1,442.73, respectively (Order Granting Attorneys' Fees). However, the Order Granting Attorneys' Fees was entered after the Debtor commenced his Chapter 7 bankruptcy case on August 5, 2005. The Debtor's discharge was entered on December 14, 2005.

The Respondents filed a Motion for an Order to Show Cause Against Defendant Mark Bowen (Motion for Criminal Contempt) in the Utah Civil Action on March 1, 2006, asking the district court to find the Debtor in "criminal contempt" for alleged violations of the August 4, 2003 Injunction. On March 16, 2006, the Debtor filed a Motion for Show Cause Hearing As To Why Daniel Jackson, Margaret H. Olson, and Whole Living, Inc. Should Not Be Held in Contempt of Court for Past and Continuing Violations of 11 U.S.C. §§ 362 and 524 (Debtor's Motion for Contempt), arguing that their continued prosecution of the Utah Civil Action violated the automatic stay during the pendency of his bankruptcy case and then violated the discharge injunction following his discharge. The Utah District Court has stayed resolution of the Motion for Criminal Contempt pending resolution by this court of the Debtor's Motion for Contempt.

On May 4, 2006, the Respondents filed their Motion for Summary Judgment, arguing that there were no genuine issues of material fact with respect to the Debtor's Motion for Contempt, and that it was entitled to a judgment that it did not violate the automatic stay and/or the discharge injunction as a matter of law. The Debtor filed his Response to the Motion for Summary Judgment

on June 13, 2006, arguing that summary judgment was not appropriate because genuine issues of material fact remained in dispute.

On July 19, 2006, the court entered an Order and its corresponding Memorandum on Motion for Judgment on the Pleadings or for Summary Judgment, finding genuine issues of material fact in dispute and denying the Respondents' Motion for Summary Judgment (Memorandum Opinion). Specifically, with respect to whether the Respondents violated the automatic stay, the court found that it "cannot ascertain from the record before it whether the Respondents violated the automatic stay for failing to dismiss the Utah Civil Action against the Debtor [because] the record does not contain a copy of the Amended Complaint in the Utah Civil Action wherein the Debtor was named as a party defendant and relief was sought against him." MEM. OP. at 14. With respect to whether the Respondents violated the discharge injunction when they filed the Motion for Criminal Contempt, the court held that "the Respondents' true motive behind the March 1, 2006 Motion for Criminal Contempt, which . . . contains no averments of specific wrongdoing, remains unclear and in dispute [and] the court cannot ascertain the true character and purpose for the requested sanctions." MEM. OP. at 18-19. As to possible violations of both the automatic stay and the discharge injunction, the court stated that "[t]he purposes behind the Respondents' actions, as well as what relief they seek through the continued prosecution of the Utah Civil Action, are wholly factual and entirely relevant[.]" MEM. OP. at 15.

Rule 59(e) "can only be used in limited circumstances, and should be used sparingly." *In re Barber*, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004). "Motions to alter or amend [a] judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in

4

controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted). On the other hand, consideration of a motion under Rule 59(e) does not allow the party to reargue his case. *In re No-Am Corp.*, 223 B.R. 512, 514 (Bankr. W.D. Mich. 1998); *see also Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.") (citing *In re Halko*, 203 B.R. 668, 672 (Bankr. N.D. Ill. 1996))). "Nor should Rule 59(e) be viewed as a means for overcoming one's failure to litigate matters fully." *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996). "Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion." *In re See*, 301 B.R. 554, 555 (Bankr. N.D. Iowa 2003).

In the context of Rule 59(e), "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Instead, newly discovered evidence must have previously been unavailable. *Gencorp, Inc.*, 178 F.3d at 834. Additionally, manifest injustice is defined as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 974 (7th ed. 1999). Because the Respondents have not satisfied any of these criteria, their Motion to Alter or Amend shall be denied.

First, the Respondents argue that the ministerial action by the Utah District Court when it entered the Order Granting Attorneys' Fees that had been previously awarded did not violate the automatic stay, and they are therefore entitled to summary judgment on that matter. Additionally, the Respondents argue that the Debtor suffered no injury from the entry of the Order Granting Attorneys' Fees, and thus, they were not required to take any action to have it set aside.

The Respondents are correct as to both arguments. However, the Debtor did not assert that the Respondents violated the automatic stay by causing the Order Granting Attorneys' Fees to be entered or by failing to have it set aside, and the court's Memorandum Opinion expressly states that the Respondents did not take any action to have the Order Granting Attorneys' Fees entered. Instead, the Debtor's Motion for Contempt alleges that the Respondents' continued prosecution of the Utah Civil Action as a subterfuge for collecting the pre-petition judgment and/or to disrupt the business operations of Think Again, Inc., violated the automatic stay. And, based upon the record presented by the parties, there are facts in dispute as to the Respondents' motivations in keeping the Utah Civil Action pending against the Debtor, especially in light of the fact that they have dismissed the action with respect to Mr. Tolman and Think Again, Inc., the other parties specifically named in the August 4, 2003 Preliminary Injunction.

The Respondents also correctly argue that they were not required to dismiss the Utah Civil Action, only to cease action pending resolution of the Debtor's bankruptcy case. The court agrees that dismissal was not required, but, as previously stated, the Respondents' motivations are

6

nevertheless a factual piece of the record that is required for the court to make a determination whether either the automatic stay or the discharge injunction was violated.

> Finally, in their Motion to Alter or Amend, the Respondents state the following:
>
> 4. On page 18 of the Memorandum, the Court expressed concern that there were no specific averments of wrong doing in the Motion to Hold the Debtor in Contempt filed in Utah. The Defendants would note that this Court had before it the decision of the United States District Court for the District of Utah issued on November 29, 2004, clearly delineating the various acts of contempt (see Exhibit E to the Affidavit of Daniel Jackson). The Supplemental Affidavit of Daniel W. Jackson, being filed herewith, explains that it is customary when practicing before that court to set forth the factual basis for the Motion in an accompanying Memorandum, a copy of which is being attached as an Exhibit A to the Supplemental Affidavit. Said Memorandum essentially places back before the United States District Court in Utah its findings from its November 28, 2004 Order, and proceeds to demonstrate that said acts of contempt continued after the date of entry of said Order. When so viewed, it is clear that said action is not subject to the discharge injunction, as more fully set forth in the memorandum of law being filed simultaneously herewith.

MTN. TO ALTER OR AMEND at 3.

The Memorandum Opinion does refer to the fact that the Motion for Criminal Contempt filed on March 1, 2006, does not contain any specific averments of wrongdoing; however, this is the not basis for the court's determination that genuine issues of material fact preclude entry of summary judgment that the discharge injunction has not been violated. It should first be noted that the record already contained the Memorandum that originally accompanied the Motion for Criminal Contempt, which is now attached to Mr. Jackson's Supplemental Affidavit, as it was Exhibit L to the Debtor's Motion for Contempt. Additionally, the court did not base its denial of the Motion for Summary Judgment upon the contents, or lack thereof, of the Motion for Criminal Contempt. The Memorandum Opinion expressly states that it is the Respondents' true motives in filing the Motion

for Criminal Contempt, at the time that they did, that remain a determinative factor, especially in light of the fact that the Motion for Criminal Contempt mirrors the earlier filed request for sanctions that precipitated the November 29, 2004 Order. In short, whether or not the discharge injunction was violated hinges on the nature of the contempt sought by the Respondents.

The Respondents have not established through their Motion to Alter or Amend that the court made a clear error of law, that they have discovered new evidence, that there is an intervening change in controlling law, or that the court's denial of summary judgment results in manifest injustice to any party. Accordingly, the Respondents' Motion to Alter or Amend Judgment filed on July 28, 2006, shall be denied, and an appropriate order to that effect will be entered.

FILED: August 18, 2006

> BY THE COURT
>
> /s/ RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE